# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

UNITED STATES OF AMERICA,

    v.

                                        **CIVIL NO. 4:14-CV-90**
                                        **CRIMINAL NO. 4:13-CR-4**

ANTONIO DAVIS,

    **Petitioner.**

## OPINION AND ORDER

This matter comes before the Court on Antonio Davis' ("Petitioner") Motion to Alter and Amend Judgment Pursuant to Rule 59(e), ECF No. 87 (the "Motion"). For the reasons set forth herein, Petitioner's Motion is **DISMISSED**.

## I.    BACKGROUND

On January 15, 2013, Petitioner was indicted on two counts: Count One—Conspiracy to Possess with Intent to Distribute and Distribution of More than 100 Grams of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(i); and Count Two—Distribution of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Petitioner pled guilty to Count One on June 14, 2013. The Court sentenced Petitioner to 210 months imprisonment on October 7, 2013.

On March 13, 2014, Petitioner filed a Motion for Recusal for personal bias and prejudice pursuant to 28 U.S.C. § 455(a). ECF No. 69. In his Motion, Petitioner stated that he was in the beginning stages of filing a motion under 18 U.S.C. § 2255. Id. at 1. Because no such motion had yet been filed, and there was no matter from which the Court to recuse itself, the Court took Petitioner's Motion for Recusal under advisement. ECF No. 70.

Petitioner eventually filed a Motion to Vacate, set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 14, 2014, alleging that: (1) the Court erroneously applied the career offender provisions, (2) counsel was ineffective because he failed to adequately investigate or object to Petitioner's career offender status, and (3) counsel was ineffective because he failed to familiarize himself with the career offender qualifications for sentencing and enhancement purposes. ECF No. 71. On September 19, 2014, the Court took Petitioner's Motion to Vacate under advisement pending the Fourth Circuit's en banc rehearing of United States v. Whiteside, 748 F.3d 541 (4th Cir. 2014). ECF No. 72. After the Fourth Circuit's decision in that case, on May 13, 2015, this Court denied Petitioner's Motion to Vacate. ECF No. 79. On June 22, 2017, Petitioner moved for a certificate of appealability, ECF No. 83, which this Court denied, ECF No. 86.

On February 23, 2018, Petitioner filed the document titled Memorandum of Law in Support of Motion to Alter and Amend Judgment Pursuant to Rule 59(e), which is now before the Court. ECF No. 87.

## II. MOTION TO ALTER OR AMEND JUDGMENT

In his Motion, Petitioner argues this Court misconstrued his previous motion for a certificate of appealability (ECF No. 83) "as an attempt to appeal a previously filed 2255 motion" when, in reality, Petitioner was requesting a certificate allowing him to file a second or successive motion for relief under 28 U.S.C. § 2255. ECF No. 87 at 1. Specifically, petitioner argues he wishes to file a second or successive motion based on newly discovered evidence, a new rule from the Supreme Court that has been made retroactive, and constitutionally ineffective assistance of counsel. Id. at 1-2.

2

Petitioner's Motion therefore seeks relief under 28 U.S.C. § 2244. However, "[u]nder § 2244, a motion seeking authorization to file a successive § 2255 motion 'shall be determined by a three-judge panel of the court of appeals.'" United States v. Davis, 169 F. App'x 800, 800 (4th Cir. 2006) (quoting § 2244(b)(3)(B)). This Court thus lacks jurisdiction to decide such a motion. Id. Moreover, Petitioner filed directly with the Fourth Circuit, a separate Motion for Leave to File and Amend Second and Successive Title 28 U.S.C. § 2255, Case No. 18-137, Doc. 2, which that court denied, ECF No. 88.

Accordingly, Petitioner's Motion is **DISMISSED** for lack of jurisdiction.

## III.    CONCLUSION

For the reasons set forth above, Petitioner's Motion, ECF No. 87, is **DISMISSED**.

Petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and to the United States Attorney's Office.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
May 3 , 2018

3